THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB SAUL STUART,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. CV14-00871JCC<br>(CR11-0120JCC)<br><br>ORDER DENYING 28 U.S.C. §2255 MOTION AND DISMISSING CASE WITH PREJUDICE |

This matter comes before the Court on Petitioner Jacob Saul Stuart's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and his motion for appointment of counsel. (Dkt. Nos. 1 and 5.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds that Mr. Stuart is not entitled to an evidentiary hearing, DENIES his § 2255 petition, and DENIES his motion for appointment of counsel for the reasons explained herein.

I.   BACKGROUND

Petitioner pleaded guilty to conspiracy to distribute marijuana and cocaine, as well as conspiracy to commit money laundering, on October 12, 2011, pursuant to a written plea agreement. Sentencing was held on October 19, 2012 before this Court. The Court imposed a sentence of 180 months, and judgment was entered that same day. (CR11-120JCC, Dkt. # 879.)

Petitioner did not file a direct appeal. This is Petitioner's first petition, and was filed on or

about June 13, 2014. (Dkt. # 1077.) Petitioner asserts three grounds for relief, all of which are ineffective assistance of counsel claims. Specifically, Mr. Stuart argues (1) that his lawyers failed to obtain an affidavit from his father that would have offered an alternative explanation for Petitioner's possession of a firearm that played a role in his sentencing, and that they did not have his father speak at the sentencing hearing, despite having promised to do so; (2) that his lawyers ignored evidence about a trigger lock on the weapon; and, finally (3) that his lawyers failed to object to the introduction of evidence of prior moving violations at the sentencing hearing, despite the fact that the violations occurred more than ten years before the current arrest. (Dkt. No. 1 at 5-8.) Mr. Stuart filed a motion requesting appointment of counsel on July 23, 2014. (Dkt. No. 5.)

## II. DISCUSSION

### A. Statute of Limitations Under § 2255(f)

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), persons in federal custody may file a motion to set aside, vacate, or correct their sentences pursuant to § 2255 within a one-year limitations period, which commences on specified triggering dates. *See* 28 U.S.C. § 2255(f). The statute's requirements apply to all petitions filed after the date of its enactment, April 24, 1996. *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). Mr. Stuart filed his petition on or about June 13, 2014, and thus, it is subject to the provisions of AEDPA.

Section 2255(f) establishes that a motion under that section must be filed within a one-year limitations period, which runs from the latest of any of the following:

    1) the date on which the judgment of conviction becomes final;

    2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Stated differently, a petitioner has one year from the date on which the judgment becomes final to file a § 2255 motion. This limitation is waived only when there is an impediment preventing a petitioner from filing a motion, new facts are discovered, or the Supreme Court has recognized a new right that is then made retroactively applicable to cases on collateral review. *Id.*

**B.   The Petition is Not Timely Under § 2255(f)(1)**

Under 28 U.S.C. § 2244(d)(1)(A), a case becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." Because Mr. Stuart did not appeal his conviction, his conviction became final when, under Federal Rules of Appellate Procedure 4(b)(1)(A)(i), the fourteen days for filing a notice of appeal expired, which was on or about November 2, 2012. *See, e.g.*, *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). This petition was filed more than nineteen months later, and is therefore not timely under § 2255(f)(1).

**C.   The Petition Does Not Fall Under § 2255(f)(3)**

In order to explain why his petition is not time barred, Mr. Stuart cites *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d. 314 (2013). Mr. Stuart does not explain the citation, but the Court construes his reference to *Alleyne* as an argument that his petition is timely because it was filed within one year of a Supreme Court decision that recognized a new constitutional right that is applicable retroactively to claims for collateral relief under 28 U.S.C.

§ 2255(f)(3).

The *Alleyne* Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime that must be submitted to the jury and found beyond a reasonable doubt. 133 S.Ct. at 2158. In so holding, the Court announced a new constitutional rule of criminal procedure. *Id*., at 2166 (Sotomayor, J., concurring). However, under *Teague v. Lane*, new procedural rules only apply retroactively on collateral review if they qualify as "watershed" rules implicating "fundamental fairness." 489 U.S. 288, 322 (1989).

The rule announced in *Alleyne* derives from the Supreme Court's decision in *Apprendi v. New Jersey*, which held that any fact that increases the mandatory maximum sentence, other than the fact of a prior conviction, must be submitted to a jury. 530 U.S. 466 (2000). Because the Ninth Circuit has determined that the rule announced in *Apprendi* is not a watershed rule of criminal procedure that can be applied retroactively, this is also true of the rule announced in *Alleyne*. *See United States v. Sanchez-Cervantes,* 282 F.3d 664, 671 (9th Cir. 2002).

Because the rule announced in *Alleyne* does not apply retroactively, Mr. Stuart's petition does not fall under § 2255(f)(3). Consequently, there is no need to reach the question of whether the *Alleyne* rule is relevant to Mr. Stuart's case.

### D.    The Petition Does Not Fall Under § 2255(f)(4)

Mr. Stuart also cites § 2255(f)(4) as an explanation for why his petition should not be time barred. However, he does not explain this citation, and the petition contains no argument that the claimed errors could not have been discovered through the exercise of due diligence within the meaning of the section. Section 2255(f)(4) therefore does not provide a basis for using a timeline other than the one dictated by the date that Stuart's conviction became final.

### E. Ineffective Assistance of Counsel

Because Mr. Stuart's petition is time barred under § 2255, this court may not reach the merits of the ineffective assistance of counsel claims.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Stuart an evidentiary hearing on his § 2255 petition, DENIES his petition (Dkt. No. 1), DENIES as moot his request for appointment of counsel (Dkt. No. 5), and DISMISSES this case with prejudice. The Court respectfully DIRECTS the Clerk to CLOSE this case.

DATED this 23rd day of September 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE